IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONOVAN HOUGH, | ) | |
|     Petitioner, | ) | Civil Action No. 1:09-132 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO J. QUINTANA, et al., | ) | |
|     Respondent. | ) | |

## OPINION AND ORDER[1]

Petitioner Donovan Hough is a federal inmate currently incarcerated at the Federal Correctional Institution McKean, in Bradford, Pennsylvania. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the 1991 judgment of sentence (Counts Seven, Eight, and Nine) for firearms violations under 18 U.S.C. § 924(c), which he received in a criminal case that was before the U.S. District Court for the Western District of New York. He claims that the judgment of sentence is invalidated following two decisions subsequently issued by the U.S. Court of Appeals for the Second Circuit, United States v. Whitley, 529 F.3d 150 (2d Cir. 2008) and United States v. Williams, 558 F.3d 166 (2d Cir. 2009).

For the reasons set forth below, the petition is dismissed for lack of subject matter jurisdiction.

## I.

**A.**    **Relevant Background**

On June 14, 1991, following a jury verdict, the U.S. District Court for the Western District of New York sentenced Petitioner to a total term of imprisonment of 480 months, to be followed by five

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

years of supervised release, for Intentionally and Unlawfully Engaging in a Continued Criminal Enterprise, in violation of 21 U.S.C. § 848 (Count One); Conspiracy to Distribute Cocaine and Marijuana, in violation of 21 U.S.C. § 846 (Count Two); two counts of Possession With Intent To Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Counts Three and Five); two counts of Possession With Intent To Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Four and Six); four counts of Unlawfully Using or Carrying a Firearm in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) & 2 (Counts Seven, Eight, Nine, and Ten); Evasion of Federal Income Tax, in violation of 26 U.S.C. § 7201 (Count Eleven); and Structuring Transactions to Evade Reporting Requirements, in violation of 31 U.S.C. § 5324(3) (Count Twelve).

Petitioner appealed his judgment of sentence. On April 9, 1992, the Second Circuit Court of Appeals affirmed. Petitioner's writ of certiorari was denied by the Supreme Court in October 1992.

On July 29, 1992, Petitioner filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. On September 27, 1993, the district court denied the motion. On October 27, 1993, Petitioner filed a Notice of Appeal, which was denied by the Second Circuit Court of Appeals for failure to comply with the Civil Appeals Management Plan.

On March 5, 1997, Petitioner filed a second Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255, arguing that: 1) his § 924 firearm convictions "should be vacated in light of the Supreme Court's Decision in United States v. Bailey, 576 U.S. 137 (1995)"; 2) he should have received a "downward departure at sentencing on the basis of civil forfeiture"; and 3) his § 846 conviction should "be vacated because of the Supreme Court decision in Rutledge v. United States," 517 U.S. 292 (1996). On February 26, 1998, the district court granted in part the Motion to Vacate. Specifically, Counts Two and Ten were vacated along with the special assessments ordered on those counts. The court determined that, because vacating the counts did not affect the length of Petitioner's

2

sentence, resentencing was not necessary. Petitioner filed a notice of appeal, which the Second Circuit Court of Appeals denied on May 30, 2000 because Petitioner had not made a "substantial showing of the denial of a constitutional right."

On August 2, 2004, Petitioner filed a motion with the Second Circuit Court of Appeals for permission to file a second or successive § 2255 motion. That motion was denied.

In the instant petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, Petitioner challenges the judgment of sentence he received for firearms violations (Counts Seven, Eight, and Nine). In their Answer (ECF No. 13), Respondents contend that the petition should be dismissed for lack of subject matter jurisdiction.

**B.** **Discussion**

    **1.** **Claims Generally Cognizable In Federal Habeas Corpus Proceedings**

28 U.S.C. § 2255 permits a federal prisoner to challenge his or her sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentences was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Congress, by enacting 28 U.S.C. § 2255, provided a specific avenue by which a defendant could attack his or her federal conviction or sentence. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Chambers v. Romine, 41 F.App'x. 525, 526 (3d Cir. 2002); Briggs v. Levi, 275 F.App'x 111, 112-13 (3d Cir. 2008) (per curiam); Brown v. Mendez, 167 F.Supp.2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas corpus and provides the exclusive remedy' to one in custody pursuant to a federal

3

court conviction."), quoting Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam). In contrast, "matters concerning the conditions of confinement or the execution of a sentence are within the subject matter jurisdiction of the court presiding in the district in which a prisoner is incarcerated." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), citing Lee v. United States, 501 F.2d 494, 500 (8th Cir. 1974). Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. Cradle, 290 F.3d at 538-39; Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). A habeas corpus petition "is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255." Myers v. Booker, No. 00-3232, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000).

Respondents correctly contend that this Court should dismiss the petition for want of subject matter jurisdiction because Petitioner is not challenging the fact or duration of his confinement or the execution of his sentence. Rather, he is challenging the validity of his convictions and sentences. Accordingly, the issues raised in the instant petition are not within the jurisdiction of this Court.

### 2. The Savings Clause of 28 U.S.C. § 2255

Section 2255 provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized portion of the statutory language is commonly referred to as § 2255's "savings clause" or "safety valve."

4

Petitioner does not articulate any persuasive reason to support a finding that this case falls within § 2255's "savings clause" or "safety valve." Importantly, "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam), citing Cradle, 290 F.3d at 539. See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). "Rather, the 'safety valve' provided under section 2255 is *extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law.*" Id. at 856 (emphasis added), citing Okereke, 307 F.3d at 120, which cited In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). It is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. Cradle, 290 F.3d at 538-39.

Here, Petitioner's situation is not the rare one rendering § 2255 inadequate or ineffective. He relies on the Second Circuit Court of Appeal's decisions in Whitley and Williams. In Whitley, the defendant was subject to a mandatory minimum sentence of 15 years under 18 U.S.C. § 924(e). 529 F.3d at 152. He also was subject to a mandatory consecutive sentence of 10 years pursuant to § 924(c)(1)(A). Id. The Second Circuit Court held that, read literally, the "except clause in

5

§ 924(c)(1)(A)[2] meant that he was subject only to the 15-year mandatory minimum of § 924(e), and that the consecutive 10-year weapons sentence did not apply. Id. at 153. On November 15, 2010, the Supreme Court in Abbott v. United States, — U.S. —, 131 S.Ct. 18, 23 n. 2, 26 (2010), abrogated the Second Circuit Court of Appeal's interpretation of the "except clause." See United States v. Tejada, 631 F.3d 614, 618-20 (2d Cir. 2011) (acknowledging that Abbott abrogates Whitley). A few weeks later, the Supreme Court vacated Williams and remanded the case for further consideration in light of Abbott. On September 13, 2011, the Second Circuit Court of Appeal's affirmed Williams's conviction and sentencing, holding: "The Supreme Court's decision in Abbott forecloses Williams's challenge to his sentence pursuant to Section 924(c)(1)(A)(I)." United States v. Williams, No. 07-2436, 2011 WL 4035829, *2 (2nd Cir. Sept. 13, 2011), citing Tejada, 631 F.3d at 619. Therefore, Petitioner's reliance upon Whitley and Williams is foreclosed by Abbott.

**C.** **Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.

---

[2] 18 U.S.C. § 924(c)(1)(A) states as follows:

*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime-
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(Emphasis added).

United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

**II.**

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONOVAN HOUGH, | ) | |
| Petitioner, | ) | Civil Action No. 1:09-132 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| FRANCISCO J. QUINTANA, et al., | ) | |
| Respondent. | ) | |

## ORDER

AND NOW, this 28th day of September, 2011;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction. The Clerk of Courts is hereby directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: Notice by ECF to counsel of record and by U.S. Mail to:

Donovan Hough
04957-055
FCI McKean
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701